IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

    Plaintiff,

v.                                                                No. 1:24-cv-01023-JFR

UNITED STATES DEPARTMENT OF DEFENSE,
UNITED STATES INTERNAL REVENUE SERVICE and
SOCIAL SECURITY ADMINISTRATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND
ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Upholding AFBCMR [Air Force Board of Corrections for Military Records] Complaint and the DFAS [Department of Finance and Accounting Service] Initial Remedy for Injustice and to Provide Remedy for the Financial Hardship and Other Torts Revealed Herein, Doc. 1, filed October 8, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 8, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

>if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $6,800.00; (ii) Plaintiff's monthly expenses total $8,368.00; (iii) Plaintiff has $300.00 in cash and $350.00 in a bank account; (iv) Plaintiff's ex-wife relies on Plaintiff for support; and (v) Plaintiff "is on the hook for and must pay for medical procedures, medicine not covered by insurance." The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and Plaintiff's monthly expenses exceed his monthly income. The statute governing proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), allows the Court to authorize the commencement of an action without *pre*payment of fees, but does not waive the fees. Plaintiff is obligated to pay to pay the fees.

**The Complaint**

Plaintiff entered active duty at the United Staes Air Force Academy in 1991 and signed into Arnold Air Force Base in 2013. *See* Complaint at 15. In May 2015, Plaintiff was admitted to a

civilian hospital for the third time during the assignment. *See* Complaint at 15. During his hospitalization, the Arnold Air Force Base Commander Action Group entered a voluntary retirement of Plaintiff. *See* Complaint at 15-16. Plaintiff asserts his separation "was an illegal act." Complaint at 15. Plaintiff's discharge was later "changed from Regular retirement to Medical Discharge" resulting in changes to Plaintiff's retirement pay. Complaint at 5. As a result, the Department of Finance and Accounting Service "award[ed] Plaintiff two lump sum payments over $80,000" and increased Plaintiff's pay rate. Complaint at 5-6. Plaintiff alleges the Internal Revenue Service "double counted the lump sum payments" which added more than $17,000 in taxes due. Complaint at 6. Plaintiff also alleges that the Social Security Administration "refused to Provide a statement of their award of back payments." Complaint at 9.

Plaintiff seeks, among other things, an order requiring the Department of Finance and Accounting Service to return funds, an order requiring the Internal Revenue Service to accept Plaintiff's 2021 federal tax return and to return the additional tax assessed, and an order requiring the Social Service Administration to provide an accounting "based on Plaintiff's 2015 SSDI application date and the [United States Government] to pay that amount for remedy due to the Tennessee [Department of Veterans Affairs] departure from USC title 10." Complaint at 20-21. Plaintiff asserts his claims pursuant to the Federal Tort Claims Act ("FTCA"). *See* Complaint at 2.

**Department of Defense Claims**

It appears that the Court does not have jurisdiction over Plaintiff's tort claims against the Department of Defense. The Federal Tort Claims Act does not apply to "injuries to servicemen where the injuries *arise out of or are in the course of activity incident to service.*" *Ortiz v. U.S. ex rel. Evans Army Community Hosp.*, 786 F.3d 817, 820 (10th Cir. 2015) (quoting *Feres v. United*

*States,* 340 U.S. 135, 146 (1950)). "[T]he crucial question involved in examining whether a service member is barred from recovery under the FTCA is resolving whether the injury was 'incident to service.'" *Ortiz*, 786 F.3d at 820.

> In our application of *Feres,* we have explained that, regardless of its precise contours, the incident-to-service test applies broadly:
>
>> In recent years, the Supreme Court has broadened *Feres* to the point where it now encompasses, at a minimum, *all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military.* Courts applying the *Feres* doctrine have given a broad reach to *Feres* ' "incident to service" test and have barred recovery by members of the armed services for injuries that at first blush may not have appeared to be closely related to their military service or status. *Practically any suit that implicates the military's judgments and decisions runs the risk of colliding with Feres.*

*Ortiz*, 786 F.3d at 820 (quoting *Pringle v. United States,* 208 F.3d 1220, 1223-24 (10th Cir.2000)) (emphasis in original).  Plaintiff's alleged injuries were incident to his service in the Air Force and his claims implicate the military's decisions.

**Claims Against Internal Revenue Service and Social Security Administration**

Plaintiff asserts claims against the Internal Revenue Service and the Social Security Administration pursuant to the Federal Tort Claims Act.  The FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The FTCA states, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after

4

> it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  This exhaustion requirement is "jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016).  "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016).  Furthermore, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

Finally, the Complaint names the Internal Revenue Service and Social Security Administration as Defendants.  *See* Complaint at 1.  "The United States is the only proper defendant in a federal tort claims action." *Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).  The Complaint indicates that the Internal Revenue Service and the Social Security Administration are part of the "United States of America Government" but does not name the United States as a Defendant.  *See* Complaint at 1.

**Criminal Statutes**

Plaintiff states: "Civil actions are claimed under title 18 sections 242 and 245."  Complaint at 2.  The Complaint fails to state claims pursuant to 18 U.S.C. § 242, Deprivation of rights under

color of law, and 18 U.S.C. § 245, Federally protected activities, because Sections 242 and 245 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Order to Show Cause**

The Court orders Plaintiff to show cause why the Court should not dismiss his claims for the reasons stated above. If Plaintiff asserts the Court should not dismiss Plaintiff's claims, Plaintiff must file an amended complaint. Regarding the tort claims against the Internal Revenue Service and the Social Security Administration, the amended complaint must contain facts showing that Plaintiff timely exhausted his administrative remedies and timely filed this suit. Plaintiff must also attach copies of the administrative tort claims that he presented to the Internal Revenue Service and the Social Security Administration.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

6

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

   **IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 8, 2024, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE