IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

      Plaintiff,

v.                                                                                                  No. 1:24-cv-01023-JCH-JFR

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, entered active duty at the United States Air Force Academy in 1991 and was admitted to a hospital for the third time in 2015. *See* Complaint for Upholding AFBCMR [Air Force Board of Corrections for Military Records] Complaint and the DFAS [Department of Finance and Accounting Service] Initial Remedy for Injustice and to Provide Remedy for the Financial Hardship and Other Torts Revealed Herein at 15, Doc. 1, filed October 8, 2024 ("Complaint"). During his hospitalization, the Air Force entered a voluntary retirement of Plaintiff which Plaintiff alleges "was an illegal act." Complaint at 15-16. Plaintiff's discharge was later "changed from Regular retirement to Medical Discharge" resulting in changes to Plaintiff's retirement pay. Complaint at 5. As a result, the Department of Finance and Accounting Service "award[ed] Plaintiff two lump sum payments over $80,000" and increased Plaintiff's pay rate. Complaint at 5-6. Plaintiff alleged the Internal Revenue Service "double counted the lump sum payments" which added more than $17,000 in taxes due. Complaint at 6. Plaintiff also alleged that the Social Security Administration "refused to provide a statement of their award of back payments." Complaint at 9. Plaintiff asserted claims against the Department

of Defense, the Internal Revenue Service and the Social Security Administration pursuant to the Federal Tort Claims Act ("FTCA") and 18 U.S.C. §§ 242 and 245.  *See* Complaint at 2.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> Plaintiff states: "Civil actions are claimed under title 18 sections 242 and 245." Complaint at 2.  The Complaint fails to state claims pursuant to 18 U.S.C. § 242, Deprivation of rights under color of law, and 18 U.S.C. § 245, Federally protected activities, because Sections 242 and 245 are criminal statutes.  "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Order to Show Cause at 5-6, Doc. 10, filed October 21, 2024.

Judge Robbenhaar also notified Plaintiff it appears that the Court does not have jurisdiction over Plaintiff's tort claims:

> (i) against the Department of Defense because:
>
>> The Federal Tort Claims Act does not apply to "injuries to servicemen where the injuries *arise out of or are in the course of activity incident to service.*" *Ortiz v. U.S. ex rel. Evans Army Community Hosp.*, 786 F.3d 817, 820 (10th Cir. 2015) (quoting *Feres v. United States,* 340 U.S. 135, 146 (1950)).  "[T]he crucial question involved in examining whether a service member is barred from recovery under the FTCA is resolving whether the injury was 'incident to service.'" *Ortiz*, 786 F.3d at 820.
>> . . . .
>>
>>> In recent years, the Supreme Court has broadened *Feres* to the point where it now encompasses, at a minimum, *all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military.* Courts applying the *Feres* doctrine have given a broad reach to *Feres*' "incident to service" test and have barred recovery by members of the armed services for injuries that at first blush may not have appeared to be closely related to their military service or status. *Practically any suit that implicates the military's judgments and decisions runs the risk of colliding with Feres.*

2

> *Ortiz*, 786 F.3d at 820 (quoting *Pringle v. United States,* 208 F.3d 1220, 1223-24 (10th Cir. 2000)) (emphasis in original). Plaintiff's alleged injuries were incident to his service in the Air Force and his claims implicate the military's decisions.

(ii)   against the Internal Revenue Service and the Social Security Administration pursuant to the Federal Tort Claims Act. Judge Robbenhaar notified Plaintiff:

> The FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The FTCA states, in relevant part, that:
>
>> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
>
> 28 U.S.C. § 2675(a). This exhaustion requirement is "jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). Furthermore, a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Order to Show Cause at 3-5.

Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss his claims for lack of jurisdiction stating:

> If Plaintiff asserts the Court should not dismiss Plaintiff's claims, Plaintiff must file an amended complaint. Regarding the tort claims against the Internal Revenue Service and the Social Security Administration, the amended complaint must contain facts showing that Plaintiff timely exhausted his administrative remedies and timely filed this suit. Plaintiff must also attach copies of the administrative tort claims that he presented to the Internal Revenue Service and the Social Security Administration.

Order to Show Cause at 6.

**Plaintiff's Response and Amended Complaint**

Plaintiff's Response states the "main premise" of this case is "the government lied, purposely committed unlawful acts to cause financial harm against the plaintiff. The relevant US Code, laws, & regulations just happen to be related to medical discharge." Answers to Show Cause and Motion for Remanding of Compl[ai]nt to IRS/Tax Court and back to AFBCMR or US Claims Court at 3, Doc. 11, filed October 29, 2024 ("Response"). The Response does not, however, (i) cite any legal authority showing that the Federal Tort Claims Act applies to Plaintiff's claims regarding the Department of Defense's decisions regarding Plaintiff's discharge from the Air Force and his retirement pay, or (ii) show that the Court has jurisdiction over Plaintiff's FTCA claims regarding the actions of the Internal Revenue Service and Social Security Administration.

The Amended Complaint asserts claims against the United States pursuant to the Federal Tort Claims Act, 18 U.S.C. §§ 242 and 245, and for recovery of taxes. *See* Amended Complaint for Upholding AFBCMR decision and the DFAS Initial Remedy for Injustice and to Provide Remedy for the Financial Hardship for other Torts revealed herein at 2, 4, Doc. 12, filed October 29, 2024 ("Amended Complaint"). Plaintiff seeks, among other things, an order: (i) holding the United States liable for injuries resulting from its determination of Plaintiff's retirement pay and

directing the United States to return funds to Plaintiff; (ii) directing the IRS to accept Plaintiff's 2021 federal tax return and to return the additional tax assessed; and (iii) directing the "SSA to provide an accounting based on Plaintiff's 2015 SSDI application date, and the [United States] to pay that amount." Amended Complaint at 23.

The Court dismisses Plaintiff's claims pursuant to pursuant to 18 U.S.C. § 242, Deprivation of rights under color of law, and 18 U.S.C. § 245, Federally protected activities, because Sections 242 and 245 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003).

The Court dismisses Plaintiff's claims pursuant to the Federal Tort Claims Act arising from the Department of Defense's actions. Judge Robbenhaar notified Plaintiff that under the *Feres* doctrine the Federal Tort Claims Act does not apply to servicemen where the injuries are incident to service and implicate the military's decisions. Plaintiff's Response to the Order to Show Cause does not cite any legal authority showing that the Federal Tort Claims Act applies to the Department of Defense's action in this case.

The Court dismisses Plaintiff's claim pursuant to the Federal Tort Claims Act arising from the actions of the Social Security Administration and the Internal Revenue Service. Judge Robbenhaar notified Plaintiff that the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Judge Robbenhaar also notified Plaintiff that the Amended Complaint must contain facts showing that Plaintiff timely exhausted his administrative remedies and ordered Plaintiff to attach copies of the administrative tort claims that he presented to the Internal Revenue Service and the Social Security Administration. Plaintiff makes the conclusory allegation that "due diligence has been exhausted in administrative review in the subordinate parties" but has not alleged facts showing that Plaintiff exhausted administrative

5

remedies.  Amended Complaint at 5; *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are not entitled to the assumption of truth.  In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim") (citations omitted).  Furthermore, Plaintiff did not comply with Judge Robbenhaar's Order to attach copies of the administrative tort claims.

Plaintiff asks the Court to order the IRS to "return the additional tax assessed [and] interest it collected."  Amended Complaint at 24.  Plaintiff states the Court has jurisdiction over his tax recovery claims pursuant to 28 U.S.C. § 1346, United States as defendant, which provides in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1).

A person seeking the recovery of any internal revenue tax they believe was erroneously or illegally assessed or collected must file a claim before bringing suit:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  The claim must contain sufficient information describing the grounds for the claim:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b).  The claim must also be filed according to IRS instructions:

> if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site. If a taxpayer is filing a claim in response to an IRS notice or correspondence, then the claim must be filed in accordance with the specific instructions contained in the notice or correspondence regarding the manner of filing. Any other claim not described in the preceding sentences generally must be filed with the service center at which the taxpayer currently would be required to file a tax return for the type of tax to which the claim relates or via the appropriate electronic portal.

26 C.F.R. § 301.6402-2(a)(2).

The Court dismisses Plaintiff's claims for recovery of taxes.  Plaintiff alleges he made "two requests for administrative review" and that he "attempted administratively [to] correct the situation."  Amended Complaint at 5, 9.  Plaintiff has not, however, alleged that he properly filed a proper claim for a refund or credit.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE